[Civ. No. 1219.   Third Appellate District.—September 26, 1914.]

F. H. MANSS, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY, Respondent.

CRIMINAL LAW—RESISTING AN OFFICER—TAKING POSSESSION OF AT-TACHED GOODS.—An indictment charging that the defendant did "willfully, unlawfully, and knowingly resist, delay, and obstruct a public officer named C, who was" a constable of a certain township, engaged in executing a writ of attachment issued out of a designated justice's court in a specified case, under which he was in possession of certain ties; and that the defendant, "by force and violence and against the will of said officer did take a portion of the said ties" from his possession, sufficiently charges the offense of resisting an officer as defined and condemned by section 69 of the Penal Code.

ID.—JURISDICTION OF SUPERIOR COURT TO TRY OFFENSE.—Such charge is not within section 102 of the Penal Code, which makes it a misdemeanor to retake goods from the custody of an officer, and the superior court has jurisdiction to try it.

ID.—SECTIONS 69 AND 102 OF PENAL CODE—DISTINCTION.—Section 102 of the Penal Code refers to interference with an officer where no force or violence is employed. Neither the term force nor violence is used in that section, while in section 69 an essential element is a "threat" or "force" or "violence."

APPLICATION for a Writ of Prohibition to be directed against the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

Mannon & Mannon, for Petitioner.

J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—This is an application for a writ of prohibition to restrain respondent from trying petitioner on an indictment found by the grand jury of said county. The charging part of the indictment is as follows: "The said F. H. Manss on or about the 20th day of October, A. D. 1913, at the county of Mendocino, state of California, and before the finding of this indictment did then and there willfully, unlawfully and knowingly resist, delay and obstruct a public officer named M. M. Curtis, who was then and there a duly elected, qualified and acting constable of Big River Township, said county of Mendocino, state aforesaid, who was then and there in the discharge of and attempting to discharge his duty as such constable, being then and there engaged in the execution of a writ of attachment duly and regularly issued out of the justice court of Big River Township in said county of Mendocino, in the case wherein Mrs. Oddie Osborne was plaintiff and H. H. Ashley and George Ashley were defendants, under which said writ of attachment said M. M. Curtis as constable as aforesaid was in the possession of a certain lot of ties which he had attached under said writ, and said defendant did then and there willfully, unlawfully and knowingly resist, delay, and obstruct said M. M. Curtis as a public officer as aforesaid, in the discharge of and attempting to discharge his duty as such constable by holding said ties under said attachment, and said defendant by force and violence and against the will of said officer did take a portion of the said ties so in his possession by authority of said writ of attachment as aforesaid from the possession of said officer."

It is thus made plain that the grand jury and the district attorney had in view the offense characterized and condemned by section 69 of the Penal Code as follows: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by fine not exceeding five thousand dollars and imprisonment in the county jail not exceeding five years."

It is clear also that the indictment sufficiently charges said offense. All that is required is to follow substantially the language of the statute. (*People* v. *Fowler*, 88 Cal. 136, [25 Pac. 1110]; *People* v. *Craig*, 120 Cal. 281, [52 Pac. 658].)

It is, indeed, apparent that the charge is set forth with greater amplitude than is demanded.

It is not disputed that the superior court has jurisdiction to try the offense contemplated by said section of the Penal Code. The contention, however, is that the charge is brought within the provisions of section 102, as follows: "Every person who willfully injures or destroys, or takes or attempts to take, or assists any person in taking or attempting to take, from the custody of any officer or person, any personal property which such officer or person has in charge under any process of law, is guilty of a misdemeanor." It is further contended that since no punishment is therein prescribed we must look for the penalty to section 19, as follows: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both."

There is no question that of said offense the superior court has no jurisdiction. Said section 102, however, has no application. That is designed for similar interference with the duties of an officer where no force and violence is used. If an individual should surreptitiously or peaceably take personal property from the custody of an officer who had it in charge under process of law he would be guilty of said offense and should be prosecuted in the justice court. It is to be observed that neither the term *force* nor *violence* is used in said section 102, while in section 69 an essential element is a "threat" or "force" or "violence." The difference in the gravity of the offenses is, of course, manifest.

There is, also, it may be said, another section to wit, 148 of the Penal Code, which is general in its terms and applies to interference with or obstruction of *any* public officer in the discharge of his duty, while section 69 is limited to *executive* officers. A constable is manifestly an executive officer, and as the offense is plainly brought under said section 69, there is no merit in this application. The demurrer is sustained and the writ denied.

Chipman, P. J., and Hart, J., concurred.