[Crim. No. 4614. First Dist., Div. Two. Apr. 19, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. FORD EDWARD JACKSON, Defendant and Appellant.

Douglas P. Ferguson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and James Murad, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from a judgment of conviction of assault with a deadly weapon (pocket knife) entered upon a jury verdict. (Pen. Code, § 245.) He is an ex-felon, having been convicted in Kentucky in 1934 of storebreaking and in 1936 of assault with intent to commit robbery. He was sentenced to state prison for the instant offense.

Defendant's only justification for the cut inflicted upon the complainant is self-defense and his sole contention on appeal is that the jury was not instructed on the doctrine of appearance as it relates to such defense.

Defendant requested but the trial court refused to give the following instruction: "It is lawful for a person who is being assaulted, and who has reasonable ground for believing that bodily injury is about to be inflicted upon him, to stand his ground and defend himself from such attack, and in doing so he may use all force and means which he believes to be reasonably necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent." (Exact wording of CALJIC No. 621.)

A defendant in a criminal action is entitled to an instruction on his theory of the case as disclosed by the evidence, no matter how weak such evidence may be. (*People* v. *Carmen*, 36 Cal.2d 768, 773 [228 P.2d 281].) The evidence which supports defendant's theory of self-defense discloses the following facts.

On December 7, 1963, about 3:30 p.m., complainant was drinking beer at the Boot Club in the town of Arcata. Defendant asked him to repay a loan of $10 which he had made to him about one month before. Complainant said he didn't have it. Defendant told him that he was about "broke" and asked complainant if he could let him have $5 on account.

Complainant thereupon pulled defendant's eyeglasses off, called him a bad name, and started hitting him in the face

with his fists. Defendant was between two stools, with his back to the bar, and could not get out. Meanwhile, complainant was "pounding" defendant in the face, inflicting a cut over one eye and bruises on his cheeks.

Defendant carried a small knife in his coat pocket which he used in his work as a television technician. He testified that he was in fear of complainant; that he took the knife out and struck at complainant's arm; that he missed and hit him in the stomach, thereby inflicting a cut of $1\frac{1}{2}$ inches in depth.

Complainant then backed off. Defendant picked up his glasses and walked out of the door. Without glasses, defendant has vision of only 20/100 in each eye. He weighed 150 to 155 pounds, was 5 feet, 9 inches in height, and was 50 years of age. He was intoxicated at the time but knew what he was doing and remembered what happened.

Complainant weighed 190 pounds, was 5 feet 11 inches in height, and was 37 years of age. He had had only one glass of beer. One of the patrons of the bar followed defendant outside, knocked him down and escorted him to the police station.

Witness Smiley testified that he heard what was apparently an argument between defendant and complainant, that complainant made a "lunge" toward defendant and swung at him "like he was going to tear him apart."

The *only* instruction given on the issue of self-defense is as follows: "Where an assault is made with only the hands and fists but with such force and in such manner as is likely to produce great bodily injury, the person attacked may lawfully resist the attack with whatever force is reasonably and apparently necessary." (CALJIC No. 626A.)

This instruction does not embrace the doctrine of appearances. In order to apply the instruction, the jury was required *first* to find that the assault by complainant was "likely to produce great bodily injury" upon defendant. It may well be that the jury could have concluded that, in this barroom altercation, the bystanders or the bartender would have prevented any "great bodily injury" to be inflicted upon defendant by his younger and larger opponent and that defendant therefore had no occasion for using a knife to defend himself.

In discussing the general issue of self-defense, the court in *People* v. *Collins,* 189 Cal.App.2d 575 [11 Cal.Rptr. 504],

stated: ''Justification does not depend on the existence of actual danger but on appearances. [Citations.] ... He [defendant] may act upon such appearances with safety; and if without fault or carelessness he is misled concerning them, and defends himself correctly according to what he supposes the facts to be, his act is justifiable, though the facts were in truth otherwise, and though he was mistaken in his judgment as to such actual necessity at such time and really had no occasion for the use of extreme measures. [Citations.]'' (P. 588.)

The People cite *People* v. *Toledo*, 85 Cal.App.2d 577 [193 P.2d 953], *People* v. *Dawson*, 88 Cal.App.2d 85 [198 P.2d 338], and *People* v. *Mercer*, 210 Cal.App.2d 153 [26 Cal.Rptr. 502], for the proposition that the instruction given is a proper statement of the rule of self-defense as applicable herein. This avoids the issue. The defendant does not contend that such instruction was improper. In fact, it was one of those requested by him. Defendant's contention is that the requested instruction on appearance of danger should *also* have been given.

Each of the three cases relied upon by the People supports defendant's contention. In *Toledo* the court recognized that ''it is well established that reasonably apparent danger, as distinguished from actual danger, may be sufficient to justify a killing in self-defense.'' (85 Cal.App.2d, at p. 580.) In *Dawson*, it was said: ''[I]t does not matter whether such danger was real or apparent. [Citations.] If defendant acted from reasonable and honest convictions he cannot be held criminally responsible for a mistake in the actual extent of the danger, when other reasonable men would alike have been mistaken.'' (88 Cal.App.2d, at p. 96.) In *Mercer*, the court said: ''Although it is true that appellant fired two shots at the deceased, the rule is well established that one who, without fault, is placed under circumstances sufficient to excite the fears of a reasonable man that another designs to commit a felony or some great bodily injury and to afford grounds for a reasonable belief of imminent danger, may act upon those fears alone and may slay his assailant and be justified by appearances.'' (210 Cal.App.2d, at p. 161.)

In *People* v. *Moore*, 43 Cal.2d 517, 526 [275 P.2d 485], the Supreme Court quoted with approval from *People* v. *Hatchett*, 63 Cal.App.2d 144, 158 [146 P.2d 469], as follows: '' 'To the *legal* mind they [instructions given on self-defense] would *imply* that actual or positive danger need not exist in order to justify self-defense, but that principle should not have been

left to implication.' '' (Italics added.) In both of these cases the convictions were reversed.

▮ Defendant's entire defense was based upon self-defense and the doctrine of appearances was vital to that issue. We have concluded that the refusal of the trial court to instruct on such doctrine, particularly when requested by defendant to do so, constitutes prejudicial error.

Judgment reversed.

Shoemaker, P. J., and Taylor, J., concurred.