[Crim. No. 18676. Second Dist., Div. Three. June 23, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN BOOHER, Defendant and Appellant.

## COUNSEL

Samuel I. Streichman, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and John R. Evans, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ALLPORT, J.**—In a jury trial defendant was convicted of assault in violation of sections 240/241 of the Penal Code (attempt to commit violent injury upon a peace officer, Anthony R. Panzica, while engaged in his duties). He was sentenced to imprisonment in the county jail for 120 days. He appeals from the judgment.

It appears that on February 20, 1970, uniformed and armed Los Angeles City Police Officer Panzica and others were engaged in the dispersal of a group of demonstrators before a branch of the Bank of America in Westwood. In the course of the dispersal effort this officer attempted to arrest

one of the demonstrators. In the process Officer Panzica became involved in violent physical struggle with the individual. Defendant, a U.C.L.A. student not unfamiliar with the art of demonstration, attended the gathering armed with a can of Protect U, a mace-like substance ordinarily used for self-protection in case of attack. In an effort to assist the individual being arrested by Officer Panzica (who Booher claimed was in danger of being choked to death by the officer), Booher sprayed the mace into the officer's face so that the officer would let go of the arrestee. The spray caused a stinging sensation and blindness for approximately 20 to 25 seconds. The stinging sensation continued and his eyes remained blurry until medically treated, some 30 to 45 minutes after the incident. Booher accomplished his purpose, securing release of the person, but was himself arrested for his efforts. There was a large amount of testimony presented detailing the activities of all parties concerned. It was primarily directed at the necessity for and the amount of force used in the attempted arrest, as well as the effect of the sight of this police activity upon defendant's mental and emotional processes, since it was claimed that defendant's belief as to the arrestee's peril was a defense to the charge. A detailed statement of the evidence would unnecessarily burden this opinion. We shall therefore only refer to such additional testimony as may be required in considering the contentions made by defendant on appeal.

In *People* v. *Soto,* 276 Cal.App.2d 81, 85 [80 Cal.Rptr. 627], it was held that a police officer commits a public offense if he uses excessive force in making an arrest. Penal Code section 692 provides that: "Lawful resistance to the commission of a public offense may be made: 1. By the party about to be injured; 2. By other parties." Section 694 provides: "Any other person, in aid or defense of the person about to be injured, may make resistance sufficient to prevent the offense." The jury was instructed that: "If a person has knowledge, or by the exercise of reasonable care should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest.

"However, it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest. Therefore, a person who uses reasonable force to protect himself or others against the use of excessive force in making an arrest is not guilty of any crime."

 It is first argued that, if defendant entertained the reasonable, if mistaken, belief that the arrestee was in imminent peril of bodily injury, he had a right to intervene in the arrest and the failure of the trial court

to so instruct the jury was reversible error.[1] It is conceded that no California case has considered this claim of error. While it is true that a defendant in a criminal action is entitled to an instruction on his theory of the case as disclosed by the evidence (see *People* v. *Jackson,* 233 Cal.App.2d 639, 640 [43 Cal.Rptr. 817]), such instruction, contrary to defendant's position, must be an accurate statement of sound legal principles before it must be given. The People concede that in a case of *self*-defense, defendant may rely upon the reasonably held belief in the appearance of imminent danger to himself (see *People* v. *Holt,* 25 Cal.2d 59 [153 P.2d 21]), but it is argued that the rule of reasonable appearance should not be applied to cases involving interference with arrest by third parties since the impulse of self-preservation is not present and that lack of knowledge and understanding of the facts and law by such person would unduly interfere with the vital public interest surrounding law enforcement. We agree that public policy discourages forceful intervention in arrests by third party bystanders because, among other things, the probabilities are that such intervention would only exacerbate the situation. There was no error in refusing to instruct as requested that a reasonable belief on the part of defendant justified his intervention on behalf of the arrestee.

■ It is also argued that the jury was not instructed on the meaning of excessive force. The jury was instructed that "it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest." Reasonable force was defined as "that amount of force that would appear necessary to a reasonable person in the same situation and under the same circumstances." The jury was told that the use of excessive or unreasonable force by a peace officer is not permitted. The jury was not told that the use of deadly force is not permitted in effecting an arrest for a misdemeanor. Defendant requested no such instruction. Under the circumstances of this case no *sua sponte* duty on the part of the court so to instruct existed. (See *People* v. *Jackson,* 59 Cal.2d 375, 380 [29 Cal. Rptr. 505, 379 P.2d 937].) The instructions given were adequate to permit the jury to decide the issues properly.

■ It is next argued that it was error to charge defendant with a violation of a general statute rather than the specific statute, Penal Code section

---

[1]Defendant's requested instruction (CALJIC 3d ed. 1970, § 5.32) reads:

"It is lawful for a person who, as a reasonable person, has grounds for believing and does believe that bodily injury is about to be inflicted upon . . . to protect him from attack.

"In doing so he may use all force and means which he believes to be reasonably necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent."

244.[2] In support of this argument defendant cites *People* v. *Swann,* 213 Cal.App.2d 447 [28 Cal.Rptr. 830]. *Swann* supports the general rule but has no factual application herein. In *Swann, supra,* at page 449, the court quotes the rule to be as follows: " ' " . . . [W]here the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. . . ." ' " ■ One statute does not conflict with another simply because the course of conduct and the state of mind of a particular defendant may permit conviction under both statutes. (*People* v. *Kreiling,* 259 Cal. App.2d 699, 704 [66 Cal.Rptr. 582].) ■ In the instant case the charge under sections 240/241 does not include the same matter as section 244. Neither the charge under sections 240/241 nor section 244 can be considered to be a "general" statute and the other specific. Section 244 is not a more specific enunciation of the offense proscribed by sections 240/241, or vice versa. It is a separate and distinct crime requiring the use of certain specified caustic chemicals with intent to injure the flesh or disfigure the body. In the instant case there is no evidence that defendant used a "vitriol, corrosive acid, or caustic chemical" which would actually injure the flesh or disfigure the body or that he intended such a result. On the contrary, the evidence showed only that defendant intended to attempt the release of a third party from an officer engaged in the performance of duty, he, defendant, having the ability to commit a violent injury while in the process. (It was stipulated that the canister used by defendant contained an oleoresin capsicium which is temporarily a strong irritant to the eyes, ears, nose and skin.) (See *People* v. *Autterson,* 261 Cal.App.2d 627, 630 [68 Cal.Rptr. 113].) Section 244 charges a distinct and far more serious offense than do sections 240/241. Sections 240/241 charged an appropriate offense in this case. (Cf. *People* v. *Scrivens,* 276 Cal.App.2d 429, 432-434 [81 Cal.Rptr. 86].) There is no merit to this contention.

■ Finally it is argued that the trial court committed prejudicial error in permitting testimony by two of the officers as to obscenities being mouthed by members of the crowd generally and not limiting testimony to remarks made by the arrestee or defendant. The specific objection was on the ground of irrelevancy. All relevant evidence is admissible. (Evid. Code, § 351.) The question of prejudice is in the discretion of the trial court. (Evid. Code, § 352; *People* v. *Robles,* 2 Cal.3d 205, 214 [85 Cal.

[2]Penal Code section 244 reads: "Every person who willfully and maliciously places or throws, or causes to be placed or thrown, upon the person of another, any vitriol, corrosive acid, or caustic chemical of any nature, with the intent to injure the flesh or disfigure the body of such person, is punishable by imprisonment in the State Prison not less than one nor more than fourteen years."

Rptr. 166, 466 P.2d 710].) A judgment will not be set aside unless the exclusion has resulted in a miscarriage of justice. (Evid. Code, § 353.) The mood of the crowd as determined by the statements heard by the persons involved may well have been a part of the total circumstances bearing upon the reasonableness of the actions taken and the force used by the officers. We cannot say that the admission of this evidence was an abuse of discretion or that such action contributed to or caused a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *La Vergne,* 64 Cal.2d 265, 271 [49 Cal.Rptr. 557, 411 P.2d 309].)

The judgment is affirmed.

Ford, P. J., and Schweitzer, J., concurred.