110 Cal.App.3d 501 (1980)
168 Cal. Rptr. 57
In re M.L.B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
M.L.B., Defendant and Appellant.
Docket No. 48761.
Court of Appeals of California, First District, Division Four.
September 23, 1980.
*502 COUNSEL
Carl J. Debevec, under appointment by the Court of Appeal, for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Thomas A. Brady, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
KOFORD, J.[*]
After a contested hearing appellant, age 14, was found to be a person subject to the jurisdiction of the juvenile court and thereafter made a ward of that court, by reason of having committed a misdemeanor violation of section 69 of the Penal Code.
(1a) Appellant presented no evidence at the hearing and does not dispute the fact that he made threatening statements to police officers, but asserts on this appeal that the making of mere threats to an officer unaccompanied by force does not constitute a violation of the statute.
Appellant is wrong; the plain meaning of the statute proscribes attempts by threat to deter an executive officer from performing any duty.
*503 (2) The construction of a statute and its applicability to a given situation are questions of law alone. (Estate of Madison (1945) 26 Cal.2d 453, 456-457 [159 P.2d 630]; Killian v. City and County of San Francisco (1978) 77 Cal. App.3d 1, 7 [143 Cal. Rptr. 430]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 210, par. (1), p. 4201.) That threats alone may constitute a violation of section 69 is compelled by "`"the usual, ordinary import of the language"'" of the section. (See Killian v. City and County of San Francisco, supra, at pp. 7-8.)
Penal Code section 69 contains two distinct offenses, the commission of which may be a misdemeanor or a felony: (1) "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law...." (Italics added.) or (2) "[Every person] who knowingly resists, by the use of force or violence, such officer, in the performance of his duty...."
Apparently Californians are a law-abiding lot so far as executive officers are concerned. In the 108-year history of section 69, enacted in 1872, there is but a handful of reported cases, although regrettably most involve encounters featuring some violence. However, in People v. Patino (1979) 95 Cal. App.3d 11, 27-28 [156 Cal. Rptr. 815], conviction of a violation of section 69 was upheld where the defendant "was identified as one of the persons in the crowd who was yelling, screaming and advancing on the officers in a threatening manner." In an Idaho case involving a statute virtually identical to Penal Code section 69, a defendant who while being transported to jail told the officer: "`... I am going to kill your ass,'" was held to have been properly convicted. (State v. Wozniak (1971) 94 Idaho 312 [486 P.2d 1025, 1028].)[*] The essential element of Penal Code section 69 is a "threat" or "force" or "violence." (Manss v. Superior Court (1914) 25 Cal. App. 533, 535 [144 P. 298].) The surrounding circumstances may establish the specific intent to interfere with the officer's performance of his duties. (People v. Patino, supra, at p. 27.)
(1b) On the night of July 19, 1979, two officers of the Dixon Police Department stopped a van which had reportedly been involved in the commission of criminal offenses earlier that night. A scuffle ensued between *504 the officers and two occupants of the van, both of whom were arrested. Appellant had also been in the van, and was asked to leave the scene. He returned with family members of those who had been arrested and began yelling at the officers "how he was going to burn our houses and get our family." Both officers testified that appellant and the others "would yell at us ... `We'll get your house. We'll get your cars. You can't be with your family twenty-four hours a day,' that type of thing." It was a hostile scene with angry persons milling about. The officers felt obliged to leave the area to quiet the situation.
There is thus substantial evidence to support the finding that appellant violated Penal Code section 69.
Appellant's reliance upon dicta in People v. Buice (1964) 230 Cal. App.2d 324, 336 [40 Cal. Rptr. 877], that "section 69 is designed to protect a police officer (who is an executive officer) against violent interference with the performance of his duties ..." is misplaced. (Italics added.) The Buice case involved a violent affray in which police officers were injured. Section 69 also protects police officers from threats which attempt to deter or prevent the performance of their duties.
Finally, appellant relies upon an Arkansas case (Reed v. State (1912) 103 Ark. 391 [147 S.W. 76]) construing a statute which provided that a person was guilty of a misdemeanor who "`shall knowingly and willfully obstruct or resist any sheriff, or other ministerial officer....'" (147 S.W. at p. 78.) The Arkansas court held that threats, coupled with the present ability and apparent intention to execute them, were sufficient to constitute the offense.
Concluding as we do that section 69 proscribes interference with a police officer's performance of his duties by "threat" or by "violence" and that the section is violated by a "threat" without violence, the judgment must be affirmed.
The judgment is affirmed.
Caldecott, P.J., and Christian, J., concurred.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[*] The Idaho statute reads as follows: "`Every person who attempts by means of any threat or violence to deter or prevent any executive officer from performing any duty imposed upon such officer by law, or who knowingly resists by the use of force or violence, such officer, in the performance of his duty, is punishable by fine not exceeding $5,000 or imprisonment in the state prison not exceeding five years, or both.'" (State v. Wozniak, supra, 486 P.2d 1025 at p. 1028, fn. 1; compare § 69, ante.)