Filed 4/24/15  P. v. Perez CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIO PEREZ et al.,<br><br>Defendants and Appellants. | F067512<br><br>(Super. Ct. No. 11CM7119)<br><br>**O P I N I O N** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Kim Malcheski, under appointment by the Court of Appeal, for Defendant and Appellant Julio Perez.

Law Offices of Allen G. Weinberg and Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant Ramon Reyes

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

_____

[*]     Before Poochigian, Acting P.J., Franson, J., and Peña, J.

## INTRODUCTION

On February 5, 2013, a second amended information was filed against codefendants Julio Perez, Ramon Reyes, and Juan Jaimes.[1] The defendants were charged with attempting to deter three different correctional officers. Three counts of attempting to deter an executive officer were alleged as to each officer. (Pen. Code, § 69, subd. (a); counts 1 [Officer Rocha], 2 [Officer Ramirez], & 3 [Officer Garcia].)[2] The information alleged one count of battery of a correctional officer (§ 4501.5, count 4 [Officer Ramirez]). The information alleged that Perez had four prior serious felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and Reyes had one such prior conviction. The jury acquitted all three defendants of count 4, found them guilty of counts 1 and 2, and found them guilty of the lesser included offense of misdemeanor resisting arrest (§ 148, subd. (a)(1)) in count 3. The jury found the strike allegations against both defendants to be true.

At the sentencing hearing, on May 22, 2013, the trial court denied a request by Perez to strike at least one of his prior serious felony allegations pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The trial court also rejected Perez's motions to reduce his current felony convictions to misdemeanors, pursuant to section 17, subdivision (b), and to stay sentence on one violation of section 69, pursuant to section 654. The trial court sentenced Perez to a term of 25 years to life on count 1, to a concurrent term of 25 years to life on count 2, and one year on count 3. These sentences were consecutive to the term Perez was serving in prison.

---

[1] Perez and Reyes are appellants in the instant appeal. Jaimes has filed a separate appeal in case No. F068161.

[2] Undesignated statutory references are to the Penal Code.

At the same sentencing hearing, the trial court denied Reyes's request to strike his prior serious felony conviction pursuant to *Romero.* The court sentenced Reyes to one-third the midterm on count 1, or eight months, and doubled the sentence to 16 months pursuant to the three strikes law. The court sentenced Reyes to a term of 16 months on count 2, and one year on count 3, to be served concurrent with count 1. Reyes's sentences for the current offenses were ordered to be served consecutive to the term he was serving in prison.

Perez and Reyes both contend that the trial court erred in sentencing them on count 2 pursuant to section 654 because that offense was part of a continuous course of conduct.[3] Reyes further argues his sentence on count 3, the misdemeanor offense, should also have been stayed pursuant to section 654 and that he was entitled to custody credits that were not awarded by the trial court.

**FACTS**

During the evening of December 23, 2009, Corcoran State Prison Correctional Officers Anthony Rocha and Michael Ramirez were working as floor officers conducting cell searches. The officers searched the cell of defendants Jaimes and Perez, cell 113, and the defendants proceeded to the day room. When the officers reached the cell of inmate Paraza, cell 104, they had the cell unlocked. Paraza was inside the cell. The officers told Paraza that one of them was going to first conduct a patdown search of him.

Paraza, who was now just outside of his cell, said, "No."[4] Paraza started to walk back into his cell, but Officer Ramirez was standing in the doorway. Because the officers

---

[3] Reyes's opening brief only challenges his concurrent misdemeanor sentence on count 3 as a violation of section 654. At the end of his opening brief, Reyes joins in all issues raised by Perez that may accrue to his benefit. We therefore treat Perez's challenge to a consecutive sentence on count 2 as a violation of section 654 as being raised by Reyes as well.

[4] Officer Rocha thought Paraza said, "No, I am good with that."

3

were present to conduct a search of the cell, Officer Ramirez put his hand out to block Paraza. Paraza grabbed Officer Ramirez's jumpsuit, at the chest, with both hands. Officer Rocha grabbed Paraza's left hand, or arm, and held Paraza by the wrist. When Officer Ramirez began using pepper spray on Paraza, Paraza punched Officer Rocha in the left eye.[5] Paraza then started attacking Officer Ramirez, swinging wildly with both fists.

As soon as Officer Rocha was punched, he activated his personal alarm device. When activated, the alarm makes noise and sends a signal to officers in central control. Officer Rocha wanted to enter the cell to assist Officer Ramirez, but could not because there were five inmates coming toward him rather than lying down prone on their stomachs. Officer Phillip Garcia yelled at the advancing inmates to get down and fired several nonlethal 40-millimeter rounds at the approaching inmates. Officer Rocha was never able to enter the cell to assist his partner.

Jaimes, Perez, and Reyes were three of the approaching inmates. Jaimes was leading Perez and Reyes. After the first shot was fired, the inmates initially got on their stomachs in a prone position. Officer Rocha estimated they were about 100 feet away from his position.

The inmates got up from their prone position two more times and continued to advance on Officer Rocha before they stopped and remained in a prone position. The inmates were coming from different directions and had Officer Rocha surrounded. When the five inmates stopped their advance, they were within 20 feet of Officer Rocha.[6]

---

[5] Officer Ramirez recalled that it was after Paraza punched Officer Rocha that he used pepper spray on Paraza's face.

[6] The fight between Officer Ramirez and Paraza lasted for some time. During the altercation, Paraza threw something into the toilet. Officer Ramirez eventually got Paraza into physical restraints. Paraza told Officer Ramirez that he had "klavo" on him, a slang term for drugs.

# APPLICABILITY OF SECTION 654

Perez and Reyes contend the trial court erred in sentencing them on count 2, because under section 654 their conduct arose from a single course of conduct. Reyes further challenges his concurrent misdemeanor sentence on count 3 as a violation of section 654. We reject these contentions.

Imposition of concurrent sentences is incorrect if section 654 prohibits multiple punishment. (*People v. Jones* (2012) 54 Cal.4th 350, 353; *People v. Dydouangphan* (2012) 211 Cal.App.4th 772, 779.)

Section 69 is designed to protect police officers against violent interference with the performance of their duties. (*People v. Martin* (2005) 133 Cal.App.4th 776, 782 (*Martin*).) The statute prohibits two distinct types of activity–threats and violent conduct–when either activity constitutes an attempt to deter or prevent an executive officer from performing any duty imposed upon such officer by law. The statute does not require that a defendant engage in both threats and violent conduct. (*People v. Hines* (1997) 15 Cal.4th 997, 1062.) Section 69 criminalizes both physical resistance to an officer and attempts, by threats or violence, to deter or prevent an officer from performing his or her duties. A threat made to an officer with the requisite intent may violate the statute, even if it does not have the desired effect. (*People v. Hines, supra*, 15 Cal.4th at pp. 1060-1061 [maker of threat need not have the present ability to act on it]; *In re M.L.B.* (1980) 110 Cal.App.3d 501, 503-504 [statute violated by making of threat alone]; *People v. Superior Court (Anderson)* (1984) 151 Cal.App.3d 893, 897 [target of threat need not fear it will be carried out].)

The two methods of violating section 69 have been called "attempting to deter" and "actually resisting an officer." The first type of offense can be established by a threat unaccompanied by any physical force and may involve attempts to deter either an officer's immediate performance of a duty imposed by law or the officer's performance

of such a duty at some time in the future. For the second type of offense, the resistance must include force or violence and the officer must have been lawfully engaged in the performance of duty at the time of the defendant's resistance. (*People v. Rasmussen* (2010) 189 Cal.App.4th 1411, 1418-1419; *People v. Carrasco* (2008) 163 Cal.App.4th 978, 984-985.)

In *Martin*, the defendant resisted arrest by four officers. One officer was physically assaulted. (*Martin*, *supra*, 133 Cal.App.4th at pp. 779-780.) The court in *Martin* found that although the defendant had acted in a single course of conduct, he committed five separate violations of section 69 and each officer was a victim of the defendant's conduct. *Martin* held the multiple-victim exception applied to section 69 under the circumstances of that case. *Martin* reasoned that whether the purpose of the violence is to inflict harm on the officers, or the harm is merely incidental to the goal of facilitating the perpetrator's escape, the consequence is the same. The officers are subjected to violence and the multiple-victim exception to section 654's prohibition against multiple punishment is applicable. (*Martin*, *supra*, 133 Cal.App.4th at pp. 782-783.)

The holding in *Martin* was adopted under an analogous factual setting in *People v. Bernal* (2013) 222 Cal.App.4th 512, 519-520 (*Bernal*). The court in *Bernal* found that no actual force or violence needed to be directed toward an officer, there only had to be a risk of violence for section 69 to be violated. (*Bernal, supra,* at pp. 519-520.) Counts 1, 2, and 3 alleged that Perez and Reyes violated section 69, respectively, as to Officers Rocha, Ramirez, and Garcia.

There was a direct threat of violence to Officers Rocha and Ramirez, who were outnumbered by a ratio of nearly two and a half to one. Because Officer Ramirez was engaged in a physical fight with an inmate, Officer Rocha could not enter the cell and was at risk of attack from all five approaching inmates. There were multiple victims and

6

separate counts alleged as to each victim. Although there was a single course of criminal conduct by Perez and Reyes, the multiple-victim exception to the section 654 prohibition against multiple punishment applied to the instant action.

Accordingly, the trial court did not err in sentencing both defendants to concurrent sentences on counts 1 and 2. As to Reyes's argument that the trial court erred in sentencing him to a concurrent misdemeanor sentence in count 3, we note that Reyes and the other codefendants failed to yield to Officer Garcia's order to lay prone on multiple occasions as they advanced on Officer Rocha. Thus, the defendants were in violation of section 148, subdivision (a)(1) for resisting Officer Garcia, and the trial court did not err in its imposition of a concurrent sentence on the misdemeanor conviction on count 3. We reject both defendants' arguments to the contrary and affirm the trial court's sentence as to Perez and Reyes.

## CUSTODY CREDITS

The trial court did not calculate defendant Reyes's custody credits for time spent in custody and did not set forth this information on the abstract of judgment, even though his current convictions and past convictions were subject to determinate sentences. Reyes contends, and respondent concedes, that the trial court erred in failing to calculate his custody credits pursuant to sections 1170.1, 2900.5, and 1213, as well as California Rules of Court, rule 4.452. The rule of court requires that if a determinate sentence is imposed under section 1170.1, subdivision (a) and is consecutive to one or more determinate sentences imposed previously in the same court or another court, the court in the current case must pronounce a single aggregate term, stating the result of combining the previous and current sentences.

The trial court is further mandated to credit the defendant with actual days spent in custody, whether the defendant has been in prison or county jail. (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012-1013; see *People v. Buckhalter* (2001) 26 Cal.4th 20, 29-

7

37.) We agree with the parties that the trial court erred in failing to calculate Reyes's custody credits and will remand to the trial court for calculation of defendant Reyes's custody credits.

## DISPOSITION

The case is remanded to the trial court to determine defendant Reyes's total custody credits, to amend the clerk's minutes and abstract of judgment to reflect Reyes's total custody credits, and to forward the amended documents to the proper authorities. The judgment as to both defendants is otherwise affirmed.